■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER FARROW, Appellant. — Judgment, Supreme Court, New York County (Cropper, J.), rendered April 21, 1981 convicting defendant, after jury trial, of attempted murder in the second degree (Penal Law, §§ 110.00, 125.25), and sentencing him on such conviction to an indeterminate term of imprisonment of 12½ to 25 years, is unanimously modified, on the law, to the extent of reducing the sentence to an indeterminate term of imprisonment of 8⅓ to 25 years, and the judgment is otherwise affirmed. Defendant's sentence was apparently imposed pursuant to subdivision 4 of section 70.02 of the Penal Law, which in the case of a class B armed felony offense authorizes the court to fix a minimum term of imprisonment between one third and one half the maximum. But the amendment authorizing a minimum in excess of one third of the maximum only took effect on August 12, 1980 (L 1980, ch 233, § 2); the crime involved in this case occurred on October 19, 1979, before the effective date of this amendment. At the time of the commission of this crime, the statute directed merely a minimum term of imprisonment equal to one third of the maximum. Accordingly, as the District Attorney concedes, the minimum term of the sentence must be reduced to one third of the maximum, i.e., eight and one-third years. There is some reference in the sentencing minutes to an armed robbery conviction of the defendant in Washington in 1962. No predicate felony proceeding took place as required by CPL 400.21 in the case of a predicate felon. In view of the District Attorney's concession that the sentence must be reduced to a term of 8⅓ to 25 years, we must conclude that the District Attorney having examined the matter has found no basis for filing a predicate felony information. Our own examination of the presentence report confirms this. There is therefore no point to remanding the matter to the Trial Term for resentence. The remaining claims of error do not require discussion and do not justify interference with the judgment. Concur — Kupferman, J. P., Carro, Silverman, Bloom and Milonas, JJ.